SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
JASON WEISS, Cal. Bar No. 185268
MEGAN BILBAO, Cal. Bar No. 357247
650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626
Telephone: 714.513.5100
Email: jweiss@sheppard.com
mbilbao@sheppard.com

JOSHUA D. N. HESS, Cal. Bar No. 244115
BRIDGET RUSSELL, Cal. Bar No. 288107
JULIA ANDERSON, Cal. Bar No. 353164
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone: 415.434.9100
Email: jdhess@sheppard.com
brussell@sheppard.com
juanderson@sheppard.com

BRIDGET J. RUSSELL, Cal Bar No. 288107
brussell@sheppard.com
30 Rockefeller Plaza
New York, NY 10112-0015
Telephone: 212.653.8700

Attorneys for Defendants
ALIGNMENT HEALTHCARE, INC.,
ALIGNMENT HEALTHCARE USA, LLC, JOHN
KAO, DAWN MARONEY, ROBERT SCAVO,
AND ANDREAS WAGNER

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| HAKAN KARDES,<br><br>Plaintiff,<br><br>v.<br><br>ALIGNMENT HEALTHCARE, INC., ALIGNMENT HEALTHCARE USA, LLC, JOHN KAO, DAWN MARONEY, ROBERT SCAVO, AND ANDREAS WAGNER,<br><br>Defendants. | Case No. 8:26-cv-01764<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SANCTIONS IN THE AMOUNT OF $14,610 PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Date: October 8, 2026<br>Time: 10:00 am PT<br><br>Complaint Filed: July 7, 2026<br>FAC Filed: September 3, 2026<br><br>[*Filed concurrently with Memorandum of Points and Authorities; Declaration of Jason Weiss; [PROPOSED] Order]* |

PLEASE TAKE NOTICE that Defendants Alignment Healthcare, Inc., Alignment Healthcare USA, LLC, John Kao, Dawn Maroney, Robert Scavo, and Andreas Wagner (collectively, "Defendants") will and hereby do move for an Order awarding sanctions against Sterlington, PLLC as well as individual attorneys Brenton Babcock, Jonathan Sherman, Jesse Sherrett, and Patrick McDonough of Sterlington, PLLC, counsel for Plaintiff Hakan Kardes ("Plaintiff's Counsel") pursuant to Federal Rule of Civil Procedure 11. Defendants bring this motion because Plaintiff's Counsel submitted the Complaint and the First Amended Complaint ("FAC"), which contains frivolous claims and false factual assertions that a reasonable attorney would have recognized as such. Defendants seek sanctions against Plaintiff's Counsel for the fees incurred in preparing and prosecuting this motion, as well as a separately filed motion to dismiss.

On August 18, 2026, at approximately 9:12 a.m., Defendants served a copy of its Rule 11 motion and supporting pleadings on Plaintiff. Plaintiff did not dismiss his complaint within 21 days of service. As of August 17, 2026, Defendants incurred a minimum of $14,610 in fees with respect to the Rule 11 motion. Defendants also seek to recover the additional fees that it has incurred and will incur since August 18, 2026, and into the future as a result of Plaintiff's failure to dismiss his lawsuit. Defendants will supplement their request for fees at the appropriate time regarding such additional fees and costs.

As set forth in the accompanying Memorandum of Points and Authorities, the first count of the Complaint and the FAC is frivolous for multiple independently sufficient reasons. First, Plaintiff's claim under Section 806 of the Sarbanes-Oxley Act is time-barred on its face. Second, the central factual predicate of the that claim – that Plaintiff allegedly reported an $8–10 million CapEx/OpEx misclassification to Alignment's senior leadership – is unsupported by a single contemporaneous document. Finally, Plaintiff's constructive discharge theory is a post-hoc litigation construct manufactured by Plaintiff's Counsel and Plaintiff to convert Plaintiff's

voluntary and amicable resignation into a compensable termination event, thereby unlocking severance and equity-acceleration benefits to which Plaintiff is not entitled. Plaintiff's Counsel was on notice of each of these fatal deficiencies before filing the Complaint, having litigated the identical issues through a near-complete OSHA proceeding.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities in Support of this Motion, Declaration of Jason Weiss, the record for this Action, and such other oral and documentary evidence and legal memoranda that may be presented at or by the hearing on this Motion.

**Compliance with L.R. 7-3**: This motion is made following the conference between the undersigned, lead counsel for Defendants, and Plaintiff's lead counsel, pursuant to Local Rule 7-3, which took place on August 6, 2026. During that conference, Defendants' counsel raised each of the arguments set forth herein in connection with the motion to dismiss. Further, consistent with Federal Rule of Civil Procedure 11, Defendants served a letter enclosing a draft of this motion on Plaintiff's counsel on August 18, 2026. Declaration of Jason Weiss ("Weiss Decl."), ¶ 12. By an email dated September 4, 2026, Plaintiff's counsel stated that they would not engage with Defendants on this motion. Weiss Decl., ¶ 13. Moreover, on September 3, 2026, rather than withdraw the claim that is the subject of this Motion, Plaintiff reiterated it in the First Amended Complaint.

//

//

//

//

Dated: September 9, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *\/s\/ Joshua D. N. Hess*

JASON WEISS
JOSHUA D. N. HESS
MEGAN BILBAO
JULIA ANDERSON
BRIDGET RUSSELL

Attorneys for Defendants
ALIGNMENT HEALTHCARE, INC., ALIGNMENT HEALTHCARE USA, LLC, JOHN KAO, DAWN MARONEY, ROBERT SCAVO, AND ANDREAS WAGNER